UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JEFFREY PATRICK and<br>JEAN PATRICK,<br><br>    Plaintiffs,<br><br>v.<br><br>PORTER-CABLE CORP. and<br>HOME DEPOT USA, INC.,<br><br>    Defendants. | :<br>:<br>:<br>:<br>:<br>:   Civil No. 3:10cv131 (MRK)<br>:<br>:<br>:<br>:<br>: |

## RULING AND ORDER

A Notice of Removal [doc. #1] in the above-captioned case was filed by Defendant Porter-Cable Corporation ("Porter-Cable")[1] on January 27, 2010, purporting to remove the Plaintiffs' action from the Superior Court of the State of Connecticut, Judicial District of New Haven, to the United States District Court for the District of Connecticut. Shortly thereafter, on February 4, 2010, Plaintiffs filed a Motion to Remand to State Court [doc. # 15] on the grounds that Porter-Cable had failed to satisfy the "rule of unanimity," which requires all Defendants to join in removal. *See, e.g.*, *Edelman v. Page*, 535 F. Supp. 2d 290, 292-93 (D. Conn. 2008). Porter-Cable opposes the motion to remand on the grounds that its co-Defendant, Home Depot U.S.A., Inc. ("Home Depot"), is merely a nominal party, and therefore the rule of unanimity does not apply. *See* Mem. in Opp. to Pls.' Mot. to Remand [doc. # 23] ("Def.'s Opp.") at 4-8. Porter-Cable also argues that even if Home Depot is

---

[1] Porter-Cable merged with Black & Decker (U.S.) Inc. ("Black & Decker") in May 2005, and Black & Decker is the successor-in-interest of Porter-Cable. For ease of reference, the Court will generally refer to both Porter-Cable and Black & Decker as "Porter-Cable" throughout this opinion, except where necessary to distinguish between the two.

1

not a nominal party, its failure to join in removal should be excused. *See id*. at 8. Porter-Cable's argument require the Court to consider when a party is a nominal party for purposes of removal. For the reasons that follow, the Court rejects Porter-Cable's arguments and GRANTS Plaintiffs' Motion to Remand to State Court [doc. # 15].

The Court assumes the parties' familiarity with the facts and procedural posture of this case, and discusses here only those facts necessary to resolve the pending motion. Plaintiffs brought this product liability action in state court, alleging that Plaintiff Jeffrey Patrick was injured by a defective nail gun manufactured by Porter-Cable and sold by Home Depot. The case was filed on December 24, 2009, and it is undisputed that process was served on both Defendants on December 28, 2009. Pursuant to a Supplier Buying Agreement (SBA) between Porter-Cable and Home Depot, Home Depot tendered its defense in this matter to Porter-Cable. *See* Def.'s Opp. [doc. # 23] Ex. 1, Att. A (letter from Home Depot to Porter-Cable dated January 13, 2010); *id*. Att. B (letter from Porter-Cable to Home Depot dated January 27, 2010). The SBA also apparently requires Porter-Cable to indemnify Home Depot, and Home Depot is a named insured under Porter-Cables's general liability insurance coverage. *See id*. Att. A; *id*. Att. B.

Porter-Cable filed its Notice of Removal [doc. # 1] on January 27, 2010 – precisely 30 days after it was served. In its Compliance With Standing Order in Removed Cases [doc. # 6], also filed on January 27, Porter-Cable represented that "[c]ounsel for Home Depot U.S.A., Inc. has not joined in removal as of this, but has represented to counsel for Black & Decker (U.S.) Inc., Successor to Porter-Cable Corporation that Home Depot U.S.A., Inc. has no objection to the Notice of Removal." *Id*. ¶ 5. Finally, on February 8, 2010, only after Plaintiffs' motion to remand was filed, Home Depot filed a Notice of Consent to Removal [doc. # 19].

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." A party opposing removal may file a motion for remand to state court, *see* 28 U.S.C. § 1447(c), and the burden is on the party seeking removal to "establish its right to a federal forum," *see Heller v. New York City Health and Hosps. Corp.*, No. 09 Civ 6193 (LTS)(GWG), 2010 WL 481336, at *1 (S.D.N.Y. Feb. 1, 2010) (internal quotation marks and citation omitted); *see also Burr v. Toyota Motor Credit Co.*, 478 F. Supp. 2d 432, 436 (S.D.N.Y. 2006) ("At all times the party asserting jurisdiction bears the burden of proof that jurisdictional and procedural requirements have been met."). The Second Circuit has instructed district courts to "construe the removal statute narrowly, resolving any doubts against removability." *Somlyo v. J. Lu-Rob Enterprises, Inc.*, 932 F.2d 1043, 1046 (2d Cir. 1991).

Of particular relevance to this case, 28 U.S.C. § 1446(b) establishes a deadline for a defendant to remove an action from state to federal court:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b). "While the statutory time limit is mandatory, it is merely a formal and modal requirement and is not jurisdictional. . . . Nevertheless, absent a finding of waiver or estoppel, federal courts rigorously enforce the statute's thirty-day filing requirement." *Somlyo*, 932 F.2d at 1046 (internal quotation marks and citation omitted); *see also Edelman*, 535 F. Supp. 2d at 292.

3

The rule of unanimity requires all defendants to consent to removal. *See Bradford v. Harding*, 284 F.2d 307, 309 (2d Cir. 1960); *Heller*, 2010 WL 481336, at *2. "While courts generally do not require all defendants to sign the removal petition itself, most courts have required some form of *unambiguous written evidence* of consent to the court in timely fashion." *Id*. (internal quotation marks and citation omitted) (emphasis added). "It is insufficient for a defendant who has not signed the removal petition to merely advise the removing defendant that it consents to removal and that the removing defendant may represent such consent to the Court on its behalf." *Edelman*, 535 F. Supp. 2d at 292. "Failure of any defendant to provide its written consent within the applicable thirty-day period renders the petition for removal untimely." *Burr*, 478 F. Supp. 2d at 437; *see also Prue v. Eagleston*, No. 3:07CV1848 (AWT), 2008 WL 687359, at *1 (D. Conn. Mar. 12, 2008) ("To comply with the rule of unanimity, the consent of all defendants to removal must be clearly manifested within the thirty-day period specified by 28 U.S.C. § 1446.").

Based on the facts recited above, there is no dispute that Porter-Cable did not, at the time it removed this case, have Home Depot's unambiguous written consent to removal, and that Porter Cable's Notice of Removal was filed on the last day that it had to remove this case from state court. Therefore, Defendants failed to comply with the rule of unanimity in this case. Although Porter-Cable represented that Home Depot consented to removal, Home Depot did not file the necessary written consent until February 8, 2010 – almost two weeks after the deadline for removal. Porter-Cable asks the Court to excuse this failure, but it cannot do so. Courts have very little discretion – if any – to forgive a failure to comply with the rule of unanimity. *See, e.g.*, *id*. at *2; *Edelman*, 535 F. Supp. 2d at 295; *Snakepit Automotive, Inc. v. Superperformance Int'l, LLC*, 489 F. Supp. 2d 196, 201 (E.D.N.Y. 2007). As the Second Circuit has explained, "federal courts rigorously enforce the

statute's thirty-day filing requirement." *Somlyo*, 932 F.2d at 1046.  Therefore, unless Home Depot is subject to an exception from the rule of unanimity, the Court cannot forgive Porter-Cable's failure to obtain Home Depot's consent as Porter-Cable urges.

"The unanimity rule is subject to three pivotal exceptions." *Snakepit Automotive*, 489 F. Supp. 2d at 201 (internal quotation marks and citation omitted).

> [A] party asserting proper removal may raise an exception to the unanimity rule when: (1) the non-joining defendants have not been served with service of process at the time the removal petition is filed; (2) the non-joining defendants are merely nominal or formal parties; [or] (3) the removed claim is a separate and independent claim as defined by 28 U.S.C. § 1441(c)."

*Id*. at 201-02 (internal quotation marks and citation omitted).  Porter-Cable's opposition to Plaintiffs' motion to remand invokes the second exception in that it argues that Home Depot is a nominal party, and thus is excepted from the rule of unanimity.  Porter-Cable bears the burden of showing that Home Depot is a nominal party.  *See, e.g.*, *Heller*, 2010 WL 481336, at *3.  Porter-Cable's argument that Home Depot is a nominal party rests on the fact that Porter-Cable has agreed to indemnify Home Depot and that its indemnification agreement is insured.

Courts in this and other circuits have offered numerous and varied explanations of when a party should be considered a "nominal" party.  For example, a nominal party has been described as one: who "has little or no interest in the outcome of the litigation and no cause of action or claim for relief is or could be stated against it," *Heller*, 2010 WL 481336, at *3 (internal quotation marks and citation omitted); who "based on the substantive law of the state, [has] no cause of action [that] could be stated against [it]," *Zerafa v. Montefiore Hosp. Housing Co.*, 403 F. Supp. 2d 320 (S.D.N.Y. 2005); who "hold[s] the naked legal title, with no actual interest or control over the subject-matter of the litigation, when all the equitable interests are therein represented," *Stonybrook Tenants Ass'n,*

*Inc. v. Alpert*, 194 F. Supp. 552, 556-57 (D. Conn. 1961) (internal quotation marks and citation omitted); or who is not "genuinely adverse to the plaintiff, *Creed v. Virginia*, 596 F. Supp. 2d 930, 935 (E.D. Va. 2009).

Similarly, other courts have described a nominal party as one for whom "there is no reasonable basis for predicting that it will be held liable," *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 369 (7th Cir. 1993); without whom "the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to plaintiffs," *id*. at 559; or who is a mere depositary or stakeholder, *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen and Assistants' Local 349*, 427 F.2d 325 (5th Cir. 1970). No matter which definition is used, the determination of whether a party is nominal must be made on a case-by-case basis based on practical considerations and not mere lables. *See Stonybrook Tenants Ass'n*, 194 F. Supp. at 557; *Tri-Cities Newspapers*, 427 F.2d at 327.

Other courts have found a party to be a nominal party where, for example, there was no plausible cause of action against it, *see Zerafa*, 403 F. Supp. 2d at 327; where the party was not in a position to provide the specific injunctive relief requested by the plaintiff, *see Norman v. Cuomo*, 796 F. Supp. 654, 658 (N.D.N.Y. 1992); where the parties were liquidated corporations without assets or liabilities, *see Stonybrook Tenans Ass'n*, 194 F. Supp. at 553; where the party was a parent corporation "joined solely because of the acts of its subsidiary," *Shaw*, 994 F.2d at 369; where the party had no assets and no connection to the incidents giving rise to plaintiff's claim, *see Mayes v. Moore*, 367 F. Supp. 2d 919, 922 (M.D.N.C. 2005); where the party was an insurance company simply holding funds until the case was decided, *see Miller v. Principal Life Ins. Co.*, 189 F. Supp. 2d 254, 258 (E.D. Pa. 2002); and where the party had already settled with the plaintiff, *see In re*

*Bridgestone/Firestone, Inc.*, 287 F. Supp. 2d 940, 942 (S.D. Ind. 2003). *See generally Blue Mako, Inc. v. Minidis*, 472 F. Supp. 2d 690, 696 (M.D.N.C. 2007) (listing some situations in which a party has been found to be nominal).

Regardless of which definition is used, the Court has little trouble concluding that Home Depot is not a nominal party to this case. Home Depot is unlike any of the parties that courts have described as "nominal" in the cases just recited. As Plaintiffs correctly point out, Defendants could be held jointly and severally liable for Mr. Patrick's injuries. *See* Conn. Gen. Stat. § 52-572m *et seq*. Therefore, regardless of any indemnification agreement or insurance that Porter-Cable provided Home Depot, Plaintiffs could obtain a judgment against Home Depot and seek to execute that judgment, and there is no suggestion that Home Depot could not make good on such a judgment. Admittedly, given the fact that Home Depot is indemnified and insured, it is unlikely that Home Depot would end up paying any judgment out of its own pocket – but it is not unforeseeable. For example, Home Depot may not be indemnified if the jury were to determine that they were the sole proximate cause of Mr. Patrick's injuries. *See* Def.'s Opp. [doc. # 23] Ex. 1, Att. B. Plaintiff might also seek to collect the judgment from Home Depot in the unlikely event that Porter-Cable, or its insurer, became insolvent. Therefore, Home Depot has a clear interest in the outcome of the case, and Plaintiffs would be prejudiced if it were not a party.

The Court also notes that other district courts have concluded that the mere fact that a defendant is indemnified by another defendant does not transform the indemnified defendant into a nominal party. *See Bricker v. Ford Motor Co.*, 514 F. Supp. 1236, 1238-39 (S.D. Tex. 1981) ("Even though it has an indemnity agreement with Ford, plaintiffs seek a judgment against Von-Wil, and if successful on the merits, will obtain a final judgment against them upon which execution may

7

issue. Additionally, the Court cannot enter a final judgment in this case only against Ford by virtue of the indemnity agreement. Plaintiffs are entitled, if they prevail, to a judgment against Ford and Von-Wil.); *Thompson v. Conoco Inc.*, No. CIV.A.1:94CV199-D-D, 1994 WL 1890836, at *5 (N.D. Miss. Dec. 13, 1994) ("Friend and Smith have very real and subsisting interest in the subject matter of this action and the claim asserted against them. Even though there is an indemnity agreement with Conoco and Vista, plaintiffs seek a judgment against these two men, and if successful on the merits, will obtain a final judgment against them.").

Porter-Cable points to one case in this district that reached the opposite conclusion. In *Raynor v. Shock Doctor, Inc.*, No. 3:08CV1705 (WWE), 2009 WL 347576 (D. Conn. Feb. 11, 2009), Senior District Judge Warren W. Eginton concluded that the seller of a defective product was a nominal party where, although it could be found liable, it was indemnified by the manufacturer. *See id*. at *2. Though the Court has the utmost respect for Judge Eginton, the Court will not follow *Raynor*. The holding in *Raynor* was largely based on the Second Circuit's 1939 decision in *Samson-United Corp. v. Sears, Roebuck & Co.*, 103 F.2d 312 (2d Cir. 1939). However, *Samson-United* involved a patent claim against the seller and the manufacturer of allegedly infringing fans, and the Second Circuit labeled the seller a nominal party only in passing. *See id*. at 313. There was no ruling by the Second Circuit that the seller was a "nominal" party in a formal sense. The facts, claims, and procedural posture of *Samson-United* are so distinct from the case at hand that it is simply inapplicable. Furthermore, the court's holding in *Raynor* is contrary to the conclusions of the overwhelming majority of courts in this and other circuits.

In sum, the Court concludes that Home Depot is not a nominal party, and therefore that they were required to indicate their consent to removal unambiguously and in writing. Because they

failed to do so within 30 days of being served, removal was not timely.  Therefore, Plaintiffs' Motion to Remand to State Court [doc. # 15] is GRANTED.  **The Clerk is directed to close this case.**

IT IS SO ORDERED.

/s/ _____
Mark R. Kravitz
United States District Judge

**Dated at New Haven, Connecticut: April 1, 2010.**